Robert C. SCOTT, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 2302.

Municipal Court of Appeals for the
District of Columbia.

Submitted Dec. 22, 1958.

Decided Jan. 19, 1959.

John McDaniel, Jr., Washington, D. C.,
for appellant.

Oliver Gasch, U. S. Atty., Carl W. Belcher and Jerome A. Cohen, Asst. U. S.
Attys., Washington, D. C., for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a conviction of
petit larceny. The only error claimed is
admission in evidence of appellant's confession. The claim is that the confession
was illegally admitted because obtained
while appellant was being held under an
unlawful arrest. The claim of unlawful
arrest is based on the fact that the arrest
was without a warrant.

The evidence of the complaining witness
justified a finding that on February 24,
1958, appellant entered the library of American University and took a wallet from
complaining witness's purse while she was
temporarily absent from her desk. Appellant was not apprehended until July 3, 1958,
and his arrest occurred under the following circumstances. On that day a police
officer who had been investigating reports
of a number of thefts at the University
and who had a "look-out" for a person
answering appellant's description, received
a radio call to investigate a housebreaking
in the library of the University. As he
and his fellow officer drove up to the
University they were told by a young lady—
not the complaining witness in this case—
that the man sought had just left the
library and had entered a building across
the way. At that moment appellant, who
fitted the "look-out" description, came out
of the other building and the young lady
said: "That's him." Appellant looked at
them and "took off" in the opposite direction, paying no heed to the officer's demand
that he stop. After a three-block chase
he was apprehended and taken to No. 8
precinct. There he freely admitted a number of thefts including that of February
24, 1958.

Appellant's argument is that he was charged with and convicted of petit larceny, a misdemeanor (Code 1951, Supp. VI, 22–2202), and that the officer had no right to arrest without a warrant for a misdemeanor not committed in his presence. This argument ignores the fact that the officer's information relating to the offense of February 24 gave him probable cause to believe that appellant had entered the building with intent to steal. The entering of a building with intent to commit any offense is a felony. Code 1951, 22–1801. Appellant's appearance fitted the "look-out" description, and we think it is clear ne was arrested because suspected on reasonable grounds of having committed a felony. Under the circumstances no warrant was needed and the arrest was lawful. The fact that the District Attorney saw fit to reduce the charge from housebreaking to petit larceny does not change the circumstances of the arrest. The same factual situation may result in convictions of both housebreaking and larceny.

Affirmed.